**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KWANSOO LEE, DDS, PLLC, *et al.*,** <br> ***Plaintiffs*** | : <br> : <br> : | |
| **v.** | : | **CIVIL NO. 25-4842** |
| **DAVID ZOOK, *et al.*,** <br> ***Defendants*** | : <br> : <br> : | |

**O R D E R**

**AND NOW,** this 30th day of September, 2026, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Amended Complaints Under Rule 12(b)(7) (ECF No. 30) and the responses and replies thereto, it is hereby **ORDERED** that the Motion is **DENIED**.[1]

[1] Pending before the Court is Defendants David Zook and The Real Asset Investor, LLC's ("RAI") Motion to Dismiss Plaintiffs' Amended Complaints Under Rule 12(b)(7). *See* ECF No. 30 ("Mot."). There are two pending Complaints in this case: The Second Amended Complaint of Plaintiffs Kwansoo Lee, DDS, PLLC, Brian Chu, DDS, Inc., Via Cristal Limited Partnership, Mint Dental Care PLLC, Sarasota Dental Arts PLLC, Water Stations LLC, 10N, LLC, Paul Etchison, Jung J Lee Waterstation LLC, Jung Lee, and John Miranda (ECF No. 36), and the Amended Complaint of Plaintiff 2021 Prestige Fund Z, LLC, derivatively and on behalf of Prestige Fund A V, LLC (ECF No. 25). The case arises out of the collapse of the "Prestige Fund" and "Paramount Management Group" investment structure, led by Daryl Heller. According to an SEC enforcement action now brought against Heller, Heller "perpetrated a Ponzi-like scheme exploiting retail investors" by selling investments in ATMs and misrepresenting the size and profitability of the ATM network to investors and potential investors. *See SEC v. Heller*, No. 25-cv-5036 (E.D. Pa.). There is also a related criminal case against Heller charging him with securities fraud and wire fraud, *United States v. Heller*, 25-cr-366 (E.D. Pa.), and Heller has also filed for bankruptcy in New Jersey, *see In re Heller*, 25-bk-11354 (Bankr. D.N.J.).

In the present action, Plaintiffs allege that Zook, who was an investment syndicator, through his company RAI, solicited Plaintiffs to invest in the ATMs, but Zook and RAI falsely represented "that investor capital would be used to purchase specific ATMs owned by the Funds; that investors would receive guaranteed, fixed monthly distributions funded by surcharge revenue; that any variability would be borne by the manager; and that investors' interests were secured by the value of owned ATMs and related contracts." *See* ECF No. 36 at ¶ 1.

Defendants now move to dismiss the case—or alternatively, to stay it—on the grounds that Heller is a necessary and indispensable party to the litigation. Defendants argue that Plaintiffs' allegations of fraud "rest entirely on conduct committed by Heller and his affiliated entities" and that "[t]he SEC's enforcement action against Heller seeks disgorgement of the very same investor funds Plaintiffs attempt to recover here," and as such, Heller must be part of this litigation. Mot. at 6.

Federal Rule of Civil Procedure 12(b)(7) provides the grounds for dismissal for failure to join a party under Rule 19. Federal Rule of Civil Procedure 19(a)(1), in turn, provides that, if feasible, a person must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P 19(a)(1). If a party is deemed to be necessary pursuant to Rule 19(a) but cannot feasibly be joined, Rule 19(b) provides that:

> [T]he court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> > (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> >
> > (2) the extent to which any prejudice could be lessened or avoided by:
> >
> > > (A) protective provisions in the judgment;
> > >
> > > (B) shaping the relief; or
> > >
> > > (C) other measures;
> >
> > (3) whether a judgment rendered in the person's absence would be adequate; and
> >
> > (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

As such, the first inquiry is whether Heller is a necessary party to the litigation. If the Court determines he is not necessary, then it need not reach whether he is indispensable pursuant to Rule 19(b). *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993).

Rule 19(a)(1)(A) requires a person to be joined if "in that person's absence, the court cannot accord complete relief among existing parties." This inquiry "is limited to whether the district court can grant complete relief to persons already parties to the action. The effect a decision may have on an absent party is not material." *Janney Montgomery Scott, Inc.*, 11 F.3d at 405. Here, Defendants do not seem to argue that Heller's joinder is required pursuant to Rule 19(a)(1)(A), nor could they, as "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 6 (1990). To the extent Defendants attempt to argue that Heller was the "mastermind" behind any scheme, the doctrine of joint and several liability allows the Court to grant Plaintiffs full relief even in his absence. *See Chaleplis v. Karloutsos*, 579 F. Supp. 3d 685, 709 (E.D. Pa. 2022); *see also Chicago Title Ins. Co. v. Natale*, No. 08-cv-3289, 2010 WL 1009794, at *5 (D.N.J Mar. 16, 2010) ("The plain text of Rule 19 and Third Circuit precedents require that, to be 'necessary,' a party must be more than just an important player in the same fraud scheme that has brought Defendant to this Court."). Thus, Heller is not a necessary party pursuant to Rule 19(a)(1)(A).

Rule 19(a)(1)(B)(i) requires a person to be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." This inquiry "requires a court to decide whether determination of the rights of the parties before it would impair or impede an absent party's ability to protect

**BY THE COURT:**

/s/ Catherine Henry

**HON. CATHERINE HENRY**
**United States District Court Judge**

---

its interest in the subject matter of the litigation." *Janney Montgomery Scott, Inc.*, 11 F.3d at 406. The rule "does not require joinder simply because of the possible effect of *stare decisis* on the absent person's rights; rather, the court need only require joinder when the persuasive effect is not speculative, is direct and immediate, and is encompassed by the rules of collateral estoppel or issue preclusion." *Kuhn Const. Co. v. Ocean & Coastal Consultants, Inc.*, 723 F. Supp. 2d 676, 691 (D. Del. 2010) (citing *Janney Montgomery Scott, Inc.*, 11 F.3d at 407-09). Further, "where there is no showing that the absent party actually has claimed an interest relating to the subject of the action, the court may deny a motion to dismiss." *Id.* at 692 (citing *Axis Specialty Ins. Co. v. Brickman Group Ltd.*, LLC, No. 09-cv-3499, 2010 WL 376784, at *5 n.1 (E.D. Pa. Jan. 28, 2010)).

Here, Defendants argue that because "Heller drafted or approved the very same offering materials, Heller managed the same entities, and Heller controlled the same funds that form the basis of the Plaintiffs' securities and fraud claims . . . no relief can be fashioned—nor liability properly apportioned—without determining Heller's role." Mot. at 11. But, as discussed above, the fact that a person may be a joint tortfeasor does not make them a necessary party, and Defendants have not shown that Heller would be subject to issue preclusion here, where he is not a party to the suit and has not otherwise claimed the same interest as the parties in this suit. *See Janney Montgomery Scott, Inc.*, 11 F.3d at 410. Indeed, in response to the Defendants' argument that the "ill-gotten gains" that are the subject of the SEC's prayer for relief in its action against Heller "include the same investor monies alleged in this case to have been solicited through Prestige Fund A, Prestige Fund D, and related entities," *see* Mot at 11, Plaintiffs respond that "[th]is is false," as "[t]he SEC action is proceeding against assets of Heller, not Zook and RAI," *see* ECF No. 33 at 8; *see also* ECF No. 44 at 20 ("This litigation involves only Defendants' ill-gotten gains from their defrauding of Plaintiffs and thus there is 'no basis' to treat Heller as a necessary party under this prong."). I agree with Plaintiffs—they have sued Zook and RAI for their own fraud and breach of fiduciary duties, and they seek recovery with respect to those Defendants' ill-gotten gains. As such, Heller is not a necessary party pursuant to Rule 19(a)(1)(B)(i).

Finally, Rule 19(a)(1)(B)(ii) provides that a person must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." As discussed above, it does not appear that Heller has claimed any interest in this litigation, as Plaintiffs seek to recover from Zook and RAI's pool of assets, not Heller's. Therefore Heller is not a necessary party pursuant to Rule 19(a)(1)(B)(ii).

Because I have determined that Heller is not a necessary party, I need not reach the issue of whether he is indispensable.